**ARKAE DEVELOPMENT, INC.,**
**Petitioner-Appellee,**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF AMES, Iowa,**
**Respondent-Appellant.**

No. 2–69206.

Court of Appeals of Iowa.

June 28, 1983.

John R. Klaus, City Atty., Ames, for respondent-appellant.

Barry Nadler and James A. Brewer of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for petitioner-appellee.

PER CURIAM.

Respondent, Board of Adjustment ("Board"), appeals from trial court's judgment reversing the Board's decision denying petitioner ("Arkae") a building permit for construction of a duplex on its property. The Board claims that it did not illegally interpret Ames, Iowa, Code § 38–1009(f), which prohibits the building of a residential building in the rear of any principal building on the same interior lot, as prohibiting the construction of a unit on Arkae's property consisting in part of a lot which Arkae had previously entirely owned and which contained a residential unit in front of the proposed building. We affirm.

Arkae's property in Ames, Iowa, consists of portions of two platted lots, labelled D and E. Originally Arkae had owned all of lot E and Dennis Bentley owned all of lot D. Bentley sold a portion of lot D to Arkae; subsequently, Arkae sold a portion of lot E to Roger Murphy and retained title to the remainder of the lot. The sold portion of lot E contained an existing dwelling. Arkae applied for a building and zoning permit for the construction of a duplex on its property situated directly behind the existing dwelling on lot E. The application for a building permit was denied on the ground that the granting of a permit would be contrary to certain provisions of the zoning ordinance including Ames, Ia. Code § 38–1009(f) which prohibited the construction of a residential unit in the rear of any principal building on the same interior lot except as specifically provided by the zoning ordinance. A "lot" and a "lot of record" were separately defined terms under the ordinance. Arkae appealed to the Board which upheld the denial on the basis that Arkae's building plans violated § 38–1009(f).

Arkae filed a petition for writ of certiorari, asserting that the Board erred in its decision to uphold the denial of the issuance of the zoning and building permit. Arkae claimed that the joining of part of lot E and part of lot D created a new lot and that the building of a residential unit on such a lot would not violate § 38–1009(f).

On September 10, 1982, the district court entered an order reversing the Board's decision. The court noted that the case only involved an issue of law involving the interpretation and application of § 38–1009(f) and that it was not required to follow the Board's interpretation of the section. The court noted that there existed a facial ambiguity in the section concerning the meaning of "lot" and that with ambiguous restrictions, the rule of strict construction of restrictions on the free use of property is applicable. On this basis the court concluded that the section was inapplicable to the extent it would prohibit Arkae from building the proposed building on the site. The Board brought this appeal.

 As noted by the trial court, this case presents only an issue of law; that is, whether § 38–1009(f) prohibits Arkae's construction plans. We therefore need give no special deference to the Board's interpretation of the ordinance since statutory construction is a question of law which must be determined by the judiciary. *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 19 (Iowa 1980).

The Board based its denial of Arkae's application on Ames, Ia. Code § 38–1009(f) which states: "No building in the rear of any principal building on the same interior lot shall be used for residence purposes, except as may be otherwise specifically provided in this chapter." Arkae does not claim that its application is "specifically provided" elsewhere in the zoning ordinance. "Lot" is defined as follows:

> A lot is a parcel of land under one ownership on which a principal building and its accessories are or may be placed, together with the required open spaces, having its frontage upon one or more streets or public place.

Ames, Ia. Code § 38–1002(45). "Interior lot" is any lot other than a corner lot. Ames, Ia. Code § 38–1002(49). Arkae claims that its portions of Lots D and E (the latter portion not containing the existing building) constitute a new "lot" apart from Lots D and E for purposes of § 38–1009(f) and that, since this new lot contains

no existing principal building, its application for a building permit should have been granted. The Board, on the other hand, contends that the term "lot," as used in § 38–1009(f), refers to the lots as platted (here, lots D and E). The Board reasons that since there already is a building on lot E (on that portion no longer owned by Arkae), Arkae's plan to construct a building on that portion of lot E retained by it would violate the ordinance.

The parties agree that this case turns on the definition of "lot" in § 38–1009(f). " 'The rule of strict construction of restrictions on the free use of property is applicable where the wording of the restriction is ambiguous.' Furthermore, the restrictions of a zoning ordinance should not be extended by implication or interpretation." *Johnson v. Board of Adjustment,* 239 N.W.2d 873, 881 (Iowa 1976) (citations omitted). A zoning ordinance should not be extended by implication to prevent a use not clearly prohibited. *Livingston v. Davis,* 243 Iowa 21, 26, 50 N.W.2d 592, 596 (1951).

With these principles in mind, we conclude that the trial court was correct in reversing the Board's denial of Arkae's application. To adopt the Board's definition of "lot" would require a liberal construction of this restrictive ordinance in contravention of the rule stated in *Johnson.* Furthermore, the use proposed by Arkae is not clearly prohibited by § 38–1009(f) since that ordinance does not clearly define Arkae's "lot" as including the building located on that part of Lot E no longer owned by Arkae.

Our conclusion is supported by the fact that the Ames City Code separately defines "lot of record" in part as: "[a] lot which is part of a subdivision, the plat of which has been recorded in the office of the County Recorder of Story County, Iowa...." Ames, Ia. Code § 38–1002(54). This is how the Board would define "lot" in this case; i.e., the "lot" involved here is lot E as platted, regardless of how subsequent transactions may carve up lot E among various owners. We believe it is significant that § 38–1009(f) refers to "lot" (or "interi- or lot") rather than "lot of record." If the drafters of the Ames zoning ordinances had intended to refer to the idea of "lots of record," as argued by the Board, they would have used that language in § 38–1009(f).

Finding no error below, we affirm the trial court's decision in its entirety.

AFFIRMED.